# UNITED STATES DISTRICT COURT

for the

District of Oregon

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

White iPhone 12 mini with a clear and blue perimeter bearing International Mobile Equipment Identity (IMEI) 353008113292516 case as described in Attachment A

Case No. 6:24-mc-1254

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

As described in Attachment A hereto, which is incoporated by reference herein.

located in the ______ District of Oregon, there is now concealed *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C § 2251(a) | Sexual Exploitation of Children |
| 18 U.S.C § 2422(b) | Coercion and Enticement of a Minor |

The application is based on these facts:

See affidavit which is attached hereto and incorporated herein by this reference.

☑ Continued on the attached sheet.

❒ Delayed notice of ______ days *(give exact ending date if more than 30 days:* ______ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Anthony T. Alcobia, Special Agent, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone at 9:53 a.m. a.m./p.m. *(specify reliable electronic means)*.

Date: December 6, 2024

Andrew Hallman
*Judge's signature*

City and state: Eugene, Oregon

Hon. Andrew D. Hallman, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

The property to be searched is a White iPhone 12 mini with a clear and blue perimeter case, bearing International Mobile Equipment Identity (IMEI) 353008113292516 and is currently located on the premises of DCSO and DFL located at 63333 US-20, Bend, Oregon.



**ATTACHMENT B**

**Items to Be Seized**

1. All records on the Device described in Attachment A that relate to violations of *18 U.S.C § 2251(a) – Sexual Exploitation of Children and 18 U.S.C § 2422(b) – Coercion and Enticement of a Minor* and involve Ernesto Perez TORRES since July 28, 2024 to the day of arrest on December 1, 2024, including:

a. Any and all records, documents, or materials, including correspondence, that pertain to the production, possession, receipt, transportation, or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

b. Any records, documents, or materials, including correspondence, that pertain to any conversations with the Minor described in the affidavit in support of the search warrant application in any form including Facebook, or any other social media platform;

c. Any records, documents, or materials, including any record related to the creation of or any correspondence to / from any Facebook account identified by the DCSO Deputy Dolan and/or HSI SA Alcobia described in the affidavit in support of the search warrant application in any form;

d. Any records, documents, or materials, including any correspondence, that involve any communication with any person that appear to be coercive in nature for the purposes of grooming or obtaining images from any person;

e. Any records, documents, or materials, including correspondence, that

pertain to the production, transportation, distribution, receipt, or possession of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

f. All originals and copies of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

g. Any motion pictures or digital video clips of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256; video recordings which are self-produced and pertain to sexually explicit images of minors; or video recordings of minors which may assist in the location of minor victims of child exploitation or child abuse;

h. Any records, documents, or materials which include offers to transmit, through interstate commerce by any means (including by computer), any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

i. Any records, documents, or materials relating to the production, reproduction, receipt, shipment, trade, purchase, or a transaction of any kind involving the transmission, through interstate commerce (including by computer), of any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

j. Any records, documents, or materials naming or identifying minors visually depicted while engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

k. Any records of Internet usage, including records containing screen names, usernames, and e-mail addresses, and identities assumed for the purposes of communication on the Internet on any app installed on the **Subject Device**. These records include billing and subscriber records, chat room logs, e-mail messages, and include electronic files in a computer and on other data storage media, including CDs or DVDs;

l. Any records, documents, or materials referring or pertaining to communications with others, whether in person, by telephone, or online, for the purpose of distributing or transporting child pornography, including chat logs, call logs, address book or contact list entries, digital images sent or received;

m. Information or evidence of any websites visited, photographs, videos, images, reports, definitions, stories, books, music, lyrics, emails, videos, messages, and or notes associated with child pornography or those who collect, disseminate, or trade in child pornography; and

n. Any records, documents, materials, videos, or photographs that would allow investigators to ascertain who used the **Subject Device**;

2. As used above, the terms records, documents, programs, applications or materials includes records, documents, programs, applications or materials created, modified or stored in any form including digital or electronic form.

**Search Procedure**

3. The examination of the Device may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose

many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

4. The initial examination of the Device will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

5. If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the Device or image do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court. Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

6. If an examination is conducted, and it is determined that the Device does not contain any data falling within the ambit of the warrant, the government will return the Device to its owner within a reasonable period of time following the search and will seal any image of the Device, absent further authorization from the Court.

7. If the Device contains evidence, fruits, contraband, or is an instrumentality of a crime, the government may retain the Device as evidence, fruits, contraband, or an

instrumentality of a crime or to commence forfeiture proceedings against the Device and/or the data contained therein.

8. The government will retain a forensic image of the Device for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.